IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **DAVID LYNN LIPPARD,** § | |
| *Plaintiff*, § | |
| § | |
| v. § | |
| § | Civil Action No. |
| **DAVID PUSKAS, CHEROKEE NATION** § | |
| **BUSINESSES, LLC, and CHEROKEE** § | |
| **CRC, LLC** § | |
| *Defendants*. § | |

## PLAINTIFF'S COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW** DAVID LYNN LIPPARD, as Plaintiff in the above-captioned cause of action, and files this Complaint complaining of DAVID PUSKAS ("Defendant Puskas"), CHEROKEE NATION BUSINESSES, LLC ("Defendant Nation"), and CHEROKEE CRC, LLC ("Defendant CRC"), and for causes of action would respectfully show unto the Court as follows:

## I.
## PARTIES

1.1   Plaintiff David Lynn Lippard is an individual resident of the State of Texas, City of Fort Worth, County of Tarrant. Plaintiff David Lynn Lippard is an individual with the following identifying numbers: (TXDL xxxxx956).

1.2   Defendant David Puskas(OKDL xxxxxxx864) is an individual residing in Tulsa, Oklahoma, Tulsa County, Oklahoma who may be served with process by serving him at his last known place of abode: *1811 E. 17th Street, Tulsa, Oklahoma 74104.*.

1.3     Defendant Cherokee Nation Businesses, LLC is a domestic limited liability company conducting business in Texas, domiciled in Catoosa, Oklahoma. Cherokee Nation Businesses, LLC may be served with process through its registered agent for service of process: ***CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201***, or wherever it may be found**.**

1.4     Defendant Cherokee CRC, LLC is a domestic limited liability company conducting business in Texas, domiciled in Catoosa, Oklahoma. Cherokee CRC, LLC may be served with process through its registered agent for service of process: ***CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201***, or wherever it may be found**.**

## II.
## JURISDICTION AND VENUE

2.1     Jurisdiction is proper pursuant to 28 US Code Section 1332 because there is complete diversity of the parties and the amount in controversy exceeds its minimum jurisdictional requirements.

2.2     Venue is proper in this District pursuant to 28 US Code Section 1391 (b)(2) in that a substantial part of the actions and omissions giving rise to the claim occurred in Fort Worth, Tarrant County, Texas.

## III.
## BACKGROUND FACTS

3.1     On or about March 1, 2021, Plaintiff was driving eastbound on SH 199 Access Road and was entering the intersection of SH 199 Access Road and NW Centre Drive in Fort Worth, Tarrant County Texas.

3.2     At the same time and place, Defendant Puskas was driving a 2013 white Chevy Equinox, owned and insured by Defendant CRC and Defendant Nation, was facing northbound

on NW Centre Drive at the intersection of SH 199 Access Road and NW Centre Drive. At all times relevant to this litigation, Defendant Puskas was acting within the course and scope of his employment with Defendant CRC and Defendant Nation.

3.3     The Collision, which was caused by the negligent actions and omissions of Defendant Puskas, acting within the course and scope of his employment with Defendant CRC and Defendant Nation, occurred when Defendant Puskas suddenly and without warning, disregarded a stop sign, failed to yield the right of way to Plaintiff, and pulled out into the intersection and violently collided with Plaintiff's vehicle.

3.4     As a result of the negligent conduct of Defendant Puskas, while acting within the course and scope of his employment with Defendant CRC and Defendant Nation, Plaintiff suffered injuries and damages.

## IV.
## NEGLIGENCE OF DAVID PUSKAS

4.1     At all times relevant to this litigation, Defendant Puskas was acting within the course and scope of his employment with Defendant CRC and Defendant Nation.

4.2     Plaintiff would show that at the time of the incident in question and immediately prior thereto, Defendant Puskas, through negligent acts and/or omissions, caused injury and damage to the Plaintiff. One or more of the following acts or omissions of Defendant Puskas constitutes negligence and was a proximate cause of the incident made the basis of this lawsuit:

   a.  Disregarded a stop sign, contrary to what a reasonably prudent person would have done under the same or similar circumstanced;

   b.  Failed to yield the right of way to Plaintiff, contrary to what a reasonably prudent person would have done under the same or similar circumstanced;

   c.  Failed to maintain a proper lookout for the safety of Plaintiff and of others, contrary to what a reasonably prudent person would have done under the same or similar circumstanced; and

      d.      Failing to turn his vehicle to the right or left in an attempt to avoid the collision that is the subject of this lawsuit, contrary to what a reasonably prudent person would have done under the same or similar circumstances.

4.3      Each of the aforementioned acts and omissions of Defendant Puskas constitute negligence and are a proximate cause of the Plaintiff's injuries and damages for which this lawsuit is brought.

## V.
## NEGLIGENCE OF CHEROKEE CRC, LLC and CHEROKEE NATION BUSINESSES, LLC

5.1      At all times material to this lawsuit, Defendant CRC and Defendant Nation owned the truck driven by Defendant Puskas. At all times material to this lawsuit, Defendant Puskas was an employee of Defendant CRC and Defendant Nation and was acting within the course and scope of his employment with Defendant CRC and Defendant Nation. At all times material to this lawsuit, Defendant CRC and Defendant Nation were statutory employers of Defendant Puskas under the Federal Motor Carrier Safety Regulations and Texas Transportation Code. Consequently, Defendant CRC and Defendant Nation are vicariously liable to Plaintiff for the negligent conduct of Defendant Puskas, under both common and statutory law.

5.2      At all times material hereto, Defendant CRC and Defendant Nation were subject to the provisions of the Federal Motor Carrier Safety Regulations and Texas Transportation Code and as such owned a duty to follow those regulations, including but not limited to those addressing qualifying drivers, monitoring driver qualification files, driver training, drug testing, and supervision. The independent conduct of Defendant CRC and Defendant Nation constituted negligence. Such negligent acts or omissions include, but are not limited to the following:

      a.      hiring and/or retaining Defendant Puskas, whom it knew or should have known was a reckless or incompetent driver;

      b.      entrusting a vehicle to Defendant Puskas, whom it knew or should have known was a reckless or incompetent driver

      c.      failing to properly train Defendant Puskas in safe motor vehicle operation;

      d.      failing to properly supervise Defendant Puskas' driving activities;

      e.      failing to properly qualify Defendant Puskas; and/or

      f.      other acts of negligence.

One, some, or all of the foregoing acts and/or omissions or others on the part of Defendant CRC and Defendant Nation constituted negligence and such negligence was a proximate cause of the occurrence and Plaintiff's injuries and damages.

## VI.
## RESPONDEAT SUPERIOR OF CHEROKEE CRC, LLC and CHEROKEE NATION BUSINESSES, LLC

6.1    An employer-employee relationship existed between Defendant Puskas and Defendant CRC and Defendant Nation, pursuant to Federal, State, and common law. Further, Defendant Puskas was acting within the course and scope of his employment with Defendant CRC and Defendant Nation, and in furtherance of Defendant CRC and Defendant Nation's business, and for the accomplishment of the object for which Defendant Puskas was hired. The negligence and liability of Defendant Puskas should thus be imputed upon Defendant CRC and Defendant Nation.

6.2    At all times material hereto there existed an agency by estoppel relationship between Defendant Puskas and Defendant CRC and Defendant Nation, as a result of which Defendant CRC and Defendant Nation are estopped to deny said agency relationship.

6.3    Therefore, Defendant CRC and Defendant Nation are responsible for the actions/inactions of its agents and employees under the doctrine of *respondeat superior* and/or ostensible agency, in that its driver was acting as an agent and/or employee of the organizations.

## VII.
## DAMAGES FOR PLAINTIFF

7.1     As a result of the incident made the basis of this lawsuit described in the preceding paragraphs and the negligence of Defendants, who at all times were acting jointly and/or severally, Plaintiff sustained injuries and damages in the past and will in reasonable probability sustain these damages in the future.

7.2     Plaintiff respectfully requests that the trier of fact determine the amount of Plaintiff's damages and losses that Plaintiff has incurred in the past and will reasonably incur in the future, as well as the monetary value of these damages, which include, but are not limited to:

- a.  Medical care expenses incurred in the past;
- b.  Medical care expenses which will in all reasonable probability be incurred in the future;
- c.  Physical pain and mental anguish suffered in the past;
- d.  Physical pain and mental anguish which will in all reasonable probability be suffered in the future;
- e.  Physical impairment suffered in the past; and
- f.  Physical impairment which in all reasonable probability Plaintiff will suffer in the future.

## VIII.
## JURY DEMAND

8.1     Plaintiff hereby demands a trial by jury.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that the Defendants be duly cited and served to appear and answer herein, and that upon a final trial of this cause, Plaintiff recover from Defendants the following:

a. Plaintiff's actual damages, as set forth above, and in an amount in excess of the minimum jurisdictional limits of this Honorable Court;

b. pre-judgment interest at the highest rate allowed by law:

c. post-judgment interest at the highest rate allowed by law;

d. costs of this Honorable Court; and

e. all such other and further relief, at law or in equity, to which Plaintiff may show himself to be justly entitled.

Respectfully submitted,

**FRENKEL & FRENKEL, L.L.P.**
12700 Park Central Drive, Suite 1900
Dallas, Texas 75251-1508
(214) 333-3333
(214) 265-9360 (Fax)
sthompson@truckwreck.com


By: _/S/ Shawn Thompson_
Shawn Thompson
State Bar No. 24008154

**COUNSEL FOR PLAINTIFF**